HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL PEREZ-MARTINEZ,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Defendant.

CASE NO. C13-833RAJ

ORDER

    This matter comes before the court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, as well as Petitioner Angel Perez-Martinez's objections to the Report and Recommendation.

    Immigrations and Customs Enforcement ("ICE") is detaining Petitioner without bond in the Northwest Detention Center pending the completion of proceedings to remove him from the United States. Petitioner received a bond hearing in February 2013, where an immigration judge denied him bond. Petitioner unsuccessfully appealed that determination to the Board of Immigration Appeals. He then filed this petition for a writ of habeas corpus.

    The court adopts the R&R, which accurately summarizes the limits on the court's review of Petitioner's detention. The court cannot second-guess the determination of the immigration judge, it can merely determine whether the judge exceeded his statutory authority, or whether Petitioner's prolonged detention violates the Due Process Clause of

ORDER – 1

the Fifth Amendment.  The immigration judge had ample reason to deny Petitioner bond, and barring an extraordinary period of detention that Petitioner has yet to approach, the Due Process Clause does not prohibit him from being held, after his bond hearing, until his removal proceedings have concluded.

The court has reviewed both Petitioner's original objections (Dkt. # 14) to the R&R and the amended objections (Dkt. # 18) that he submitted just over a month later.  Neither set of objections establishes a Due Process violation or that the immigration court exceeded its statutory authority.  The government has statutory authority to detain an immigrant indefinitely pending the conclusion of removal proceedings.  8 U.S.C. § 1226(a).  Its decision to grant or deny bond is a matter of discretion, and this court cannot review that exercise of discretion.  So far as the court is aware, there is no authority holding that detention without bond pending the completion of removal proceedings violates the Due Process Clause.  Petitioner's relatively brief detention (even assuming that it continues to this day) is not a Due Process violation.

For these reasons, the court ADOPTS the R&R (Dkt. # 13), DENIES Petitioner's objections (Dkt. ## 14, 18), DISMISSES this habeas petition, and directs the clerk to enter judgment for the government.  The clerk shall ensure that Judge Donohue receives notice of this order.

DATED this 28th day of March, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2